114

## KLAGER v. INLAND POWER & LIGHT CO., and thirty-one other cases.

Nos. 8423, 8409–8422, 8425–8434, 8436–8442.

District Court, W. D. Washington, S. D.
April 7, 1939.

Wm. P. Lord and Gross & Anderson, all of Portland, Or., for plaintiffs.

Laing & Gray, of Portland, Or., for defendant.

CUSHMAN, District Judge.

Assuming the filing of similar Answers in cases not yet at issue upon the facts, determination of the following questions would, ordinarily, be necessary:

1. Was there an unprecedented flow of the waters of the Lewis River at the time in question?

2. Did the defendant by any act increase or accelerate the natural flow of the river?

3. Was the defendant negligent in doing so?

4. Was such negligence the sole proximate cause of plaintiff's injury?

5. If not the sole proximate cause, was it the proximate cause of some part of plaintiff's injury?

6. The amount which plaintiff is or plaintiffs are entitled to recover?

Insofar as questions 4, 5 and 6 are concerned, it does not appear feasible to try all of these causes to one jury, verdicts to be returned after hearing of all of the evidence in all of the cases.

While it may be that certain of the cases, because of the proximity or other similarity of the lands alleged to have been injured, might be satisfactorily tried to one jury, yet, to so try all of them, as jury cases are ordinarily tried, would overburden any jury.

Concerning questions 1, 2 and 3, the difficulties already pointed out as to the other questions upon a consolidation of the causes would not be as great. According to the recollection of the undersigned, more than one half of the time occupied in the hearing of testimony upon the trial of the companion cause was devoted to questions 1, 2 and 3.

These causes may be noted by the attorneys for plaintiffs or for the defendant, the hearing being concerning the propriety of consolidating the causes for hearing upon all matters preliminary to trial of the issues of fact made by the answers and, after answers, for trial as to the issues involved in the above questions numbered 1, 2 and 3. 28 U.S.C.A. § 734; Fed.Rule of Civil Procedure, rule 42, 28 U.S.C.A. following section 723c.

The foregoing memorandum decision and order will be filed by the Clerk in the above entitled cause, with a docket reference in the other cases to such ruling and order.

The Clerk is directed to notify the attorneys for the parties of the foregoing.